[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action against the defendant sounding in negligence and breach of contract surrounding the defendant's designing and preparing of site plans for the construction of the plaintiff's residence in Clinton, in the Middlesex Judicial District. The plaintiff is a resident of Middlebury, in the Waterbury Judicial District, and the defendant is a resident of Westbrook, in the Middlesex Judicial District.
The defendant has asked the court to dismiss this action or in the alternative, to transfer the case to the Middlesex Judicial District, claiming improper venue. "The motion to CT Page 10342 dismiss is the appropriate vehicle for challenging the jurisdiction of the court. The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985).
General Statutes § 51-345 provides that "all civil process shall be made returnable to a judicial district, as follows: (3) If either or both the plaintiff or defendant are residents of this state, to the judicial district where either the plaintiff or defendant resides, except: . . . (d) Actions involving consumer transactions. In all actions involving consumer transactions, civil process shall be made returnable to the judicial district where the defendant resides or where the transaction occurred. For the purposes of this subsection, consumer transaction means a transaction in which a natural person obligates himself to pay for goods sold or leased, services rendered or moneys loaned for personal, family or household purposes."
The plaintiff contends that this is not an action concerning a consumer transaction. However, it is undisputed that this contract related to the building of the plaintiff's summer residence. The court holds this action is a consumer transaction which must be brought where the defendant resides or where the transaction occurred. Both of these locations are in the Judicial District of Middlesex.
General Statutes § 51-347b also permits the court to transfer a case from the superior court of one district to another.[1] Under that section as well, the court transfers this case to the Judicial District of Middlesex, in view of the circumstances.
Accordingly, the court transfers this action to the Judicial District of Middlesex.